UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| ISAIAS R. BARRIOS-LOPEZ, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | Cause No. 1:10-cv-813-WTL-TAB |
| ) | IP 06-cr-107-H/F-1 |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

**ENTRY ON MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY AND RELATED MATTERS**

This cause is before the Court on Petitioner Isaias R. Barrios-Lopez's motion under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence by a person in federal custody. Dkt. No. 1. The motion is fully briefed, and the Court, being duly advised, **DENIES** the motion for the reasons set forth below. In light of this ruling, the Court **DENIES AS MOOT** Barrios-Lopez's pending motion for summary judgment. Dkt.No. 22.[1] The Court further **DENIES** Barrios-Lopez's request for an evidentiary hearing and/or a competency hearing and his requests for judicial notice. The Court also finds that a certificate of appealability should not issue.

## I.  REQUEST FOR EVIDENTIARY AND/OR COMPETENCY HEARING

Because the motion, files, and records related to this matter conclusively show that Barrios-Lopez is not entitled to relief, the Court **DENIES** his request for an evidentiary hearing.

---

[1] Barrios-Lopez filed a motion for summary judgment on May 10, 2013, arguing that the Court should grant his motion for relief pursuant to 28 U.S.C. §2255 because the Government failed to timely respond to the arguments in his supplemental filings. The Court notes, however, that the Government filed its response to Barrios-Lopez's supplemental filings on May 7, 2013, well within the deadline established in the Court's entry directing further proceedings filed on April 19, 2013. Dkt. No. 20.

*See Bruce v. United States*, 476 F.3d 592, 597 (7th Cir. 2001). The Court also **DENIES** Barrios-Lopez's request for a retrospective competency hearing. Barrios-Lopez has not provided "substantial facts to support allegations that he was not competent," during the criminal proceedings.[2] *Galowski v. Berge*, 78 F.3d 1176, 1181 (7th Cir. 1996) (a retrospective competency hearing is appropriate "[i]f the petitioner presents substantial facts and shows that the . . . court provided inadequate proceedings").

## II.    REQUESTS FOR JUDICIAL NOTICE

Barrios-Lopez filed two requests for judicial notice during the pendency of these proceedings. On April 20, 2012, Barrios-Lopez filed a document entitled "Judicial Notice of Adjudicative Facts Federal Rules of Evidence, Rule 201 ¶ (d)." Dkt. No. 17. On February 11, 2013, Barrios-Lopez filed what appears to be the same "Judicial Notice of Adjudicative Facts Federal Rules of Evidence, Rule 201 ¶ (d)" that he filed on April 20, 2012. Dkt. No. 19. The statements contained in the requests are not appropriate for judicial notice pursuant to Federal Rule of Evidence 201(b).[3] Accordingly, the Court declines Barrios-Lopez's requests for judicial notice.

## III.    BACKGROUND

On July 12, 2006, a grand jury sitting in the Southern District of Indiana returned an eight-count indictment charging a number of individuals, including Barrios-Lopez, with a variety

---

[2]Barrios-Lopez argues that he was "recovering from a [lifelong] drug abuse binge and addiction," and thus was incompetent during the entire criminal proceedings. Barrios-Lopez's First Suppl. at 8, Dkt. No. 13. However, Barrios-Lopez provides no facts to support this argument. Additionally, as noted in this Entry, the court determined that Barrios-Lopez was competent to enter his guilty pleas, and the Seventh Circuit affirmed that determination.

[3]Federal Rule of Evidence 201(b) allows a court to take judicial notice of a fact "that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."

of crimes related to the illegal activities of a local street gang in Indianapolis, Indiana.[4] Count one alleged that Barrios-Lopez conspired to possess with the intent to distribute 500 grams or more of cocaine in violation of 21 U.S.C. §§ 841(a)(1) and 846. Count two alleged that Barrios-Lopez possessed with the intent to distribute 500 grams or more of cocaine in violation of 21 U.S.C. § 841(a)(1). Count four alleged that Barrios-Lopez possessed a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A). Count five alleged that Barrios-Lopez was an illegal alien in possession of a firearm in violation of 18 U.S.C. § 822(g)(5). Count eight alleged that Barrios-Lopez was a previously deported alien found within the United States in violation of 8 U.S.C. §§ 1326(a) and (b)(2).

On July 14, 2007, Barrios-Lopez agreed to plead guilty to counts one, four, and eight pursuant to a plea agreement with the Government.[5] In exchange for Barrios-Lopez's guilty pleas, the Government agreed to dismiss the remaining charges. The plea agreement also contained the following appellate waiver provision:

> Barrios-Lopez understands that he has a statutory right to appeal the conviction and sentence imposed and the manner in which the sentence was determined. Acknowledging this right and in exchange for the concessions made by the United States in this Plea Agreement, . . . Barrios-Lopez agrees that in the event the Court accepts the stipulations set forth herein and sentences Barrios-Lopez to a term of imprisonment within the range of level 27, with the statutory mandatory minimum being 120 months, plus a mandatory consecutive sentence of 60 months, regardless of how the sentence is calculated by the Court, Barrios-Lopez expressly waives his right to appeal the conviction and sentence imposed in this case on any ground, including the right to appeal conferred by Title 18, United States Code, Section 3742. Additionally, Barrios-Lopez expressly agrees not to contest, or seek to modify, his sentence or the manner in which it was determined in any collateral attack, including, but not limited to, an action brought under Title 28, United States Code, Section 2255.

---

[4]Barrios-Lopez was identified by police as the leader of the 18th Street Gang, members of which reportedly sold powder cocaine and firearms.

[5]The plea agreement was reached pursuant to Federal Rules of Criminal Procedure 11(c)(1)(A) and (B).

Plea Agreement at ¶ 7, No. IP06-cr-107-01. At the conclusion of the change of plea hearing, the court determined that Barrios-Lopez was "fully competent and capable of entering an informed plea," and accepted his guilty pleas. Change of Plea Hr'g Tr. at 32, No. IP06-cr-107-01.

On August 16, 2007, during Barrios-Lopez's sentencing hearing, the court concluded that Barrios-Lopez's total offense level was 34 – not 27 – and that his criminal history category was VI. The court assigned Barrios-Lopez a higher offense level than what was provided for in the plea agreement because, pursuant to U.S.S.G. § 4B1.1, Barrios-Lopez was a career offender.[6] This finding resulted in a Sentencing Guidelines range of imprisonment between 262 and 327 months. The Court ultimately sentenced Barrios-Lopez to a total of 387 months in prison—327 months for count one, 240 months for count eight, and 60 months for count four. The sentences for counts one and eight were applied concurrently; however, count four carried a mandatory minimum sentence of five years in prison to be served consecutively to any other sentence of imprisonment.

Thereafter, Barrios-Lopez appealed his convictions and sentence to the Seventh Circuit. The appellate waiver provision in the plea agreement did not bar his appeal because he was not sentenced within the range of offense level 27 as provided for in the plea agreement. Barrios-Lopez's appellate counsel, however, moved to withdraw because he could not "discern a nonfrivolous basis for the appeal." *United States v. Barrios-Lopez*, 320 Fed. Appx. 464, 466 (7th

---

[6]According to U.S.S.G. § 4B1.1(a):

A defendant is a career offender if (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.

This provision was not addressed in Barrios-Lopez's plea agreement.

Cir. 2009). Appellate counsel supported his motion to withdraw with a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967). Barrios-Lopez filed a response to appellate counsel's motion and *Anders* brief and argued that the appeal was not frivolous because his plea was involuntary, his rights under the Vienna Convention were violated, and his trial counsel was ineffective.

With regard to Barrios-Lopez's allegations, the Seventh Circuit chose not to address his ineffective assistance of counsel claim. Rather, the court advised Barrios-Lopez that such claims "are better suited to a collateral action under 28 U.S.C. § 2255." *Barrios-Lopez*, 320 Fed. Appx. at 466. The Seventh Circuit did, however, conclude that Barrios-Lopez's remaining arguments were frivolous. *Id.* The Seventh Circuit also addressed the reasonableness of Barrios-Lopez's sentence, and determined that there was "no reason to upset the presumption of reasonableness," as Barrios-Lopez was sentenced in accordance with a properly calculated Guidelines range of imprisonment. *Id.* at 467. As a result, in an unpublished opinion, the Seventh Circuit granted appellate counsel's motion to withdraw and dismissed Barrios-Lopez's appeal.

Barrios-Lopez's instant motion for relief pursuant to 28 U.S.C. § 2255 was filed on June 24, 2010.[7]

## IV. STANDARD

A motion pursuant to 28 U.S.C. § 2255 is the presumptive means by which a federal prisoner can challenge his conviction or sentence. *See, e.g., Davis v. United States*, 417 U.S. 333,

---

[7] Pursuant to § 2255(f)(1), a petitioner generally has one year from the date his conviction becomes final to assert grounds for relief under § 2255. Barrios-Lopez's conviction became final on June 23, 2009 (i.e., 90 days after entry of the Seventh Circuit's decision). Thus, Barrios-Lopez's deadline for filing a motion under § 2255 expired on June 23, 2010. The Court acknowledges that Barrios-Lopez's initial motion was not received and docketed by the Court until June 24, 2010. It is clear, however, that Barrios-Lopez placed his motion in the prison mail system prior to June 23, 2010. Accordingly, the Court deems the motion filed within the limitations period pursuant to the prison mailbox rule. *See Jones v. Bertrand*, 171 F.3d 499, 501-02 (7th Cir. 1999) (certain notices or motions of pro se prisoners are deemed filed when they are given to prison authorities rather than received by the court).

5

343 (1974). A court may grant relief pursuant to § 2255 if a sentence "was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose . . ., or that . . . was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). The scope of relief available under § 2255 is narrow and limited to "an error of law that is jurisdictional, constitutional, or constitutes a fundamental defect which inherently results in a complete miscarriage of justice." *Borre v. United States*, 940 F.2d 215, 217 (7th Cir. 1991) (internal citations omitted).

## V.   DISCUSSION

Barrios-Lopez argues that his sentence is subject to collateral attack for a number of reasons; each of his arguments is addressed below.

### A. Appellate Waiver

As an initial matter, however, the Court must address the Government's argument that, although the appellate waiver provision did not bar his appeal to the Seventh Circuit, the provision bars his instant motion for relief pursuant to § 2255. Specifically, the Government argues that "unlike his appeal waiver, the waiver of post-conviction relief rights by Barrios[-Lopez] was unconditional, not subject to the level 27 or lower qualification." Government's Resp. at 2, n. 3, Dkt. No. 5. The Government's argument is without merit.

The appellate waiver provision in the plea agreement provided:

> . . . Barrios-Lopez agrees that in the event the Court accepts the stipulations set forth herein and sentences Barrios-Lopez to a term of imprisonment within the range of level 27, with the statutory mandatory minimum being 120 months, plus a mandatory consecutive sentence of 60 months, regardless of how the sentence is calculated by the Court, Barrios-Lopez expressly waives his right to appeal the conviction and sentence imposed in this case on any ground, including the right to appeal conferred by Title 18, United States Code, Section 3742. Additionally, Barrios-Lopez expressly agrees not to contest, or seek to modify, his sentence or the manner in which it was determined in any collateral attack, including, but not limited to, an action brought under Title 28, United States Code, Section 2255.

Plea Agreement at ¶ 7, No. IP06-cr-107-01. The Government argues that because the conditional language is not included in the sentence regarding Barrios-Lopez's ability to file an action under § 2255, the waiver is unconditional. However, the Government cites no rule or case law supporting this position. Furthermore, given the structure of the provision, the Court finds that the conditional language in the appellate waiver provision applies equally to Barrios-Lopez's ability to bring an appeal under 18 U.S.C. § 3742 and 28 U.S.C. § 2255. It would be impractical to find otherwise. *See, e.g.*, *Barrios-Lopez*, 320 Fed. Appx. at 466 (noting on Barrios-Lopez's direct appeal that his ineffective assistance of counsel claims "are better suited to a collateral action under 28 U.S.C. § 2255"). Thus, the appellate waiver provision does not bar Barrios-Lopez's motion for relief under § 2255.

### B. Ineffective Assistance of Trial Counsel

Barrios-Lopez's primary argument is that he received ineffective assistance of counsel at the guilty plea and sentencing phases of his case. "The Sixth Amendment entitles criminal defendants to the effective assistance of counsel." *Bobby v. Van Hook*, 558 U.S. 4, 16 (2009) (quotations and citations omitted). "An ineffective assistance claim has two components: A petitioner must show that counsel's performance was deficient, and that the deficiency prejudiced the defense." *Wiggins v. Smith*, 539 U.S. 510, 521 (2003) (citing *Strickland v. Washington*, 466 U.S. 668, 687 (1984)). With regard to an attorney's performance, "a petitioner must demonstrate that counsel's representation 'fell below an objective standard of reasonableness' . . . [i.e.,] 'reasonableness under prevailing professional norms.'" *Wiggins*, 539 U.S. at 521 (quoting *Strickland*, 466 U.S. at 688). With respect to the prejudice requirement, the petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional

errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694.

According to Barrios-Lopez, counsel was ineffective for the following reasons:

- Counsel allowed the Court to sentence Barrios-Lopez above offense level 27, and not pursuant to the plea agreement;

- Counsel failed to object on *United States v. Booker* grounds to the three-point adjustment to Barrios-Lopez's offense level for his role in the conspiracy; and

- Counsel failed to adequately prepare a defense for Barrios-Lopez, failed to secure a "meaningful plea," and gave incompetent advice.

Each argument is addressed below.

### 1. Counsel's Performance Regarding Barrios-Lopez's Sentence

For the most part, Barrios-Lopez complains that he was not sentenced to 150 months in prison, as suggested in the plea agreement. Barrios-Lopez argues that the plea agreement was binding on the Court, and that counsel was ineffective in failing to ensure he was sentenced pursuant to the plea agreement. However, the plea agreement was reached pursuant to Federal Rules of Criminal Procedure 11(c)(1)(A) and (B). Subpart (B) specifically states that the government will:

> recommend, or agree not to oppose the defendant's request, that a particular sentence or sentencing range is appropriate or that a particular provision of the Sentencing Guidelines, or policy statement, or sentencing factor does or does not apply (such a recommendation or request does not bind the court) . . .

Thus, the proposed offense level and sentence contained in the plea agreement were merely suggestions that the Government would not oppose. More importantly, the offense level and sentence recommendations were not binding on the court.[8] Therefore, the court was free to sentence Barrios-Lopez above or below the sentence called for in the plea agreement. Counsel

---

[8] A plea agreement reached pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), on the other hand, is binding on the court once the court accepts the plea agreement.

could not do anything to "ensure" that Barrios-Lopez was sentenced to 150 months in prison or within the range of offense level 27. Accordingly, counsel's performance with respect to the court's application of the sentence called for in the plea agreement was not deficient.[9]

Barrios-Lopez also argues that counsel was ineffective because she never told him about the career offender enhancement or that he was subject to an increased punishment based on his criminal history. Barrios-Lopez maintains that he would have chosen to go to trial had he known he would be sentenced as a career offender. Although this argument has some initial traction, the Court ultimately concludes that Barrios-Lopez's counsel was not ineffective on this basis.

The Seventh Circuit examined this very issue in *Bethel v. United States*, 458 F.3d 711 (7th Cir. 2006). In that case, after pleading guilty and receiving a sentence of 192 months in prison, Bethel filed a motion for relief under 28 U.S.C. § 2255 alleging that counsel "provided ineffective assistance by failing to warn him before he pled guilty that he would be subject to treatment as a career offender, instead advising him that his sentence would be in the range of 100-125 months, substantially less than the 192 months to which he was ultimately sentenced." *Id.* at 712. Bethel argued that, but for counsel's failure, he would not have pled guilty and would have insisted on going to trial.

With regard to counsel's performance, the Seventh Circuit stated that the "salient question is whether counsel undertook a good-faith effort to determine the applicable facts and estimate the sentence." *Id.* at 717. The Seventh Circuit concluded, however, that it did not have the facts necessary to "determine whether counsel's performance fell below an objective standard of reasonableness," *id.* at 718, because the record was "wholly undeveloped on the issue

---

[9]Barrios-Lopez also argues that appellate counsel was ineffective for failing to adequately challenge his sentence on the ground that it did not comply with the plea agreement. Trial counsel was not ineffective in this respect, and neither was appellate counsel.

of the efforts Bethel's lawyer undertook to estimate Bethel's sentence before recommending that Bethel plead guilty." *Id.* at 717.

Regardless of whether counsel's performance was deficient, however, the Seventh Circuit concluded that Bethel did not show the requisite prejudice under *Strickland*. In other words, Bethel did not show "that, absent counsel's erroneous advice, he would not have pled guilty but would have insisted on going to trial." *Id.* at 718. Although he argued that this was the case, the Court noted that a mere allegation by a defendant that he would have insisted on going to trial is not enough to establish prejudice. *Id.* (citations omitted). Further, although no one may have mentioned the career offender provision to Bethel before he pled guilty,

> the district court advised Bethel that his sentence could be more severe than he might be expecting; that the government reserved the right to challenge the Guidelines computations prepared by the probation office; that any Guideline computation discussions were not part of the plea agreement; and that Bethel should not rely upon the possibility of a particular sentence based on Guideline computation discussions held between defense counsel and the government. The court [also] advised Bethel that "the Court will not be able to determine the guideline sentence for your case until after the presentence report has been completed and ... you have had the opportunity as will the government to challenge the reported facts and the application of the guidelines recommended by the probation officer and that the sentence imposed may be different from any estimate your attorney may have given you." The court thus informed Bethel in six or seven different ways that he could not rely on any particular predictions or discussions about a possible sentence when he entered his plea. Under oath, Bethel stated that he understood all of this and still wanted to plead guilty. In doing so, he was affirming that his guilty plea was not made in reliance of a particular sentence.

*Id.* Because the evidence clearly indicated that Bethel's guilty plea was not based on a particular sentence, the Seventh Circuit concluded that Bethel was not prejudiced by his lawyer's advice. *See also Wyatt v. United States*, 574 F.3d 455 (7th Cir. 2009) (citing *Bethel* and holding that counsel's allegedly deficient advice regarding the career offender enhancement did not play a decisive factor in defendant's decision to enter the conditional plea).

10

The facts of this case are virtually identical to the facts in *Bethel*. Here, the Court is also unable to determine from the record whether counsel undertook a good-faith effort to examine Barrios-Lopez's criminal history to determine whether the career offender provision was applicable. Therefore, the Court is not in a position to determine whether counsel's performance was deficient.

Like the petitioner in *Bethel*, however, Barrios-Lopez is unable to show that he was prejudiced by counsel's advice. First, by signing the plea agreement, Barrios-Lopez acknowledged and agreed that "the final determination of [his] sentence, including the applicable advisory guideline calculation, criminal history category, and advisory sentencing guideline range [would] be made by the Court." Plea Agreement at ¶ 3. Second, at Barrios-Lopez's change of plea hearing, the court, through an interpreter, advised Barrios-Lopez that his sentence would be based on the plea agreement and a presentence report prepared by the probation office. The court also stated that it was not required to follow the Sentencing Guidelines, it could impose a sentence more severe or less severe than the Guidelines, the sentence he ultimately received could be different from any estimate given by his lawyer, and even if the term of imprisonment he received was more than he had hoped, he would still be bound by his guilty pleas. Barrios-Lopez also acknowledged that no one had made any threats or promises, other than what was in the plea agreement, to influence his decision to plead guilty. At no time did Barrios-Lopez advise the Court that his agreement to plead guilty was based on a sentence of 150 months.

Based on the foregoing, Barrios-Lopez represented to the court that his guilty pleas were not made in reliance on a particular sentence. *See Bethel*, 458 F.3d at 718. Thus, like the petitioner in *Bethel*, Barrios-Lopez is unable to make the requisite showing of prejudice under

*Stickland*. Accordingly, Barrios-Lopez fails to show that he received ineffective assistance with regard to counsel's failure to notify him of the career offender provision.

   2. *Counsel's Failure to Challenge the Three-Point Role in the Conspiracy Enhancement*

Barrios-Lopez argues that counsel allowed him to be sentenced for "conduct neither admitted to nor submitted to a jury and proved beyond a reasonable doubt" in violation of *United States v. Booker*, 543 U.S. 220 (2005) (concluding that the mandatory application of the Sentencing Guidelines in the federal system violated the Sixth Amendment). Barrios-Lopez's Mot. at 18, Dkt. No. 1. Specifically, Barrios-Lopez complains about the three-point enhancement discussed in the plea agreement and the presentence investigation report ("PSI"). It appears Barrios-Lopez may be confusing the holding in *Booker* with the holding from another well-known case, *Apprendi v. New Jersey*, 530 U.S. 466 (2000) (holding that a jury must find beyond a reasonable doubt any fact other than a prior conviction that increases the penalty for a crime beyond the statutory maximum). Regardless, neither *Booker* nor *Apprendi* were violated by the court because the three-point enhancement was not used to determine Barrios-Lopez's total offense level.[10]

Barrios-Lopez argues that he received an increased sentence because he was identified by the court as a leader and organizer of the cocaine conspiracy. It is true that Barrios-Lopez was identified in the plea agreement and the PSI as a manager or supervisor of the conspiracy.[11] Both

---

   [10]The Court also notes the recent holding of the Supreme Court of the United States in *Alleyne v. United States*, No. 11-9335, 2013 U.S. LEXIS 4543 (U.S. June 17, 2013) (holding that any fact that increases the mandatory minimum is an element that must be submitted to the jury). Again, because the three-point enhancement was not used to determine Barrios-Lopez's total offense level, there was no violation of *Alleyne* with respect to the enhancement (to the extent *Alleyne* will be applied retroactively).

   [11]Although not determinative here, the Court notes that by signing the plea agreement, Barrios-Lopez agreed to the three-point enhancement for his role in the conspiracy.

documents suggested that his offense level should be increased by three points pursuant to U.S.S.G. § 3B1.1(b).[12] Because Barrios-Lopez was found to be a career offender pursuant to U.S.S.G. § 4B1.1, however, his base offense level under the Sentencing Guidelines was automatically set at 37. Thus, the three-point enhancement did not play any role in the court's calculation of Barrios-Lopez's total offense level. Although his role in the conspiracy was considered by the court as a factor under 18 U.S.C. § 3553, the court did not sentence Barrios-Lopez above the recommended Guidelines.[13] Accordingly, counsel was not ineffective for failing to challenge the enhancement.[14]

### 3. *Counsel's Performance and Advice, Generally*

Lastly, Barrios-Lopez argues generally that counsel failed to prepare an adequate defense, failed to secure a "meaningful plea," and gave incompetent advice. Other than the specific instances of alleged misconduct already discussed in this Entry, however, Barrios-Lopez provides no support for these arguments. Because Barrios-Lopez has not identified, with any specificity, why counsel's defense was inadequate, why his plea was not "meaningful," and what advice (other than what has already been discussed in this Entry) was incompetent, Barrios-Lopez fails to show that counsel's performance was deficient or prejudicial.

---

[12] Section 3B1.1(b) of the Sentencing Guidelines provides as follows: "If the defendant was a manager or supervisor (but not an organizer or leader) and the criminal activity involved five or more participants or was otherwise extensive, increase [the offense level] by 3 levels."

[13] Under 18 U.S.C. § 3553(b)(1), a court is permitted to sentence a defendant outside the Guidelines if "the court finds that there exists an aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the guidelines."

[14] Barrios-Lopez also argues that appellate counsel was ineffective for failing to address the three-point enhancement for his role in the conspiracy. Appellate counsel was not ineffective in this respect for the same reasons that trial counsel was not ineffective.

### C. Ineffective Assistance of Appellate Counsel

Barrios-Lopez also argues that appellate counsel was ineffective. Claims of ineffective assistance of appellate counsel are also subject to the *Strickland* analysis. *Howard v. Gramley,* 225 F.3d 784, 789-90 (7th Cir. 2000). To prevail on a claim of ineffective assistance of appellate counsel, the petitioner must show that appellate counsel's performance was "unreasonably deficient" and that this inadequacy resulted in prejudice. *Id.* at 790. On the deficiency prong, the petitioner must show that counsel failed to present a significant and obvious issue on appeal. *See Smith v. Robbins,* 528 U.S. 259, 288 (2000). Counsel, however, "need not (and should not) raise every nonfrivolous claim, but rather may select from among them in order to maximize the likelihood of success on appeal." *Id*. Where appellate counsel has presented some arguments on appeal but not others, it will be difficult to demonstrate that counsel was incompetent. *See id.* As to the prejudice prong, the petitioner must show "there is a reasonable probability that his case would have been remanded for a new trial or that the decision of the . . . trial court would have been otherwise modified on appeal" if the claim had been presented to the appellate court. *Howard*, 225 F.3d at 789-90.

Barrios-Lopez argues generally that appellate counsel was ineffective because he raised frivolous issues on appeal. However, Barrios-Lopez, fails to articulate a significant and obvious issue that appellate counsel should have addressed.

Barrios-Lopez also seems to argue that because appellate counsel filed an *Anders* brief, it was as if he "did not have counsel at all." Barrios-Lopez's Mot. at 27, Dkt. No. 1. Such an argument, however, is entirely without merit. During a criminal appeal, a court-appointed attorney is permitted to file a motion to withdraw pursuant to *Anders*. The Seventh Circuit

provides specific rules for doing so. *See* Circuit Rule 51(b).[15] Here, Barrios-Lopez's appellate counsel filed an *Anders* brief and followed the requirements for withdrawal outlined in Circuit Rule 51(b).

Based on the foregoing arguments, Barrios-Lopez fails to show that he received ineffective assistance of counsel on appeal.

### D. Reasonableness of Sentence

Barrios-Lopez also argues that he received an unreasonable sentence of imprisonment. The reasonableness of Barrios-Lopez's sentence was addressed by appellate counsel in his *Anders* brief, and specifically addressed by the Seventh Circuit on direct appeal. Regarding the reasonableness of his sentence, the Seventh Circuit found:

> The [district] court properly calculated the guidelines range applicable to Barrios-Lopez. The court then discussed the factors under § 2553(a), noting that a within-guidelines range sentence was justified by Barrios-Lopez's multiple drug trafficking convictions and his return to crime after being deported previously. The court further noted the need to protect the public, especially considering Barrios-Lopez's leadership role in a dangerous gang. Counsel discerns no reason to upset the presumption of reasonableness, and neither do we.

*Barrios-Lopez*, 320 Fed. Appx. at 467. Because the Seventh Circuit has already considered whether Barrios-Lopez's sentence is reasonable, this Court need not reexamine the matter. *See Olmstead v. United States*, 55 F.3d 316, 319 (7th Cir. 1995) (the court may exercise its discretion not to reconsider issues already decided on direct appeal).

---

[15]Circuit Rule 51(b) states:

> When representing a convicted person in a proceeding to review the conviction, court-appointed counsel who files a brief characterizing an appeal as frivolous and moves to withdraw (see *Anders v. California*, 386 U.S. 738 (1967); *United States v. Edwards*, 777 F.2d 364 (7th Cir. 1985)) shall file with the brief a proof of service which also indicates the current address of the client. . . . [T]he Clerk shall then send to the client by certified mail, return receipt requested, a copy of the brief and motion, with a notice.

### E.  Voluntariness of Plea

On May 27, 2011, Barrios-Lopez filed a supplement to his motion to vacate, set aside, or correct a sentence under 28 U.S.C. § 2255, asserting new arguments that were not addressed in his initial motion for relief. Specifically, Barrios-Lopez argued that his guilty pleas were not knowingly and voluntarily made because his counsel threatened him and coerced him into pleading guilty. He argues that counsel told him that she would withdraw and the Government would bring additional charges if he did not plead guilty. Barrios-Lopez also argues that his plea was not knowingly and voluntarily made because he "was recovering from a [lifelong] drug abuse binge and addiction, and may not have been fully in control of his mental faculties at the time to sufficiently comprehend the nature and consequences of what he was giving up and receiving in return for that plea."[16] Barrios-Lopez's First Suppl. at 8, Dkt. No. 13.

Barrios-Lopez argues that the Court should consider these new arguments because they "relate back to the original core issue of ineffective assistance of counsel previously raised in the original petition." *Id.* at 1. The Government argues, on the other hand, that the additional claims are time-barred.[17] The Court agrees that Barrios-Lopez's new claims regarding the voluntariness of his plea are time-barred because they are separate and distinct from those asserted in his original motion for relief under § 2255. *See Mayle v. Felix*, 545 U.S. 644, 645 (2005) ("An

---

[16]Barrios-Lopez also argues that counsel was ineffective for failing to request a competency exam and not bringing to the attention of the court Barrios-Lopez's "lifelong drug abuse binge and addiction." Although defense counsel is under a duty to ensure that a criminal defendant is "capable of making a rational choice 'among rationally understood probabilities,'" *Galowski*, 78 F.3d at 1180 (quoting *Stewart v. Peters*, 958 F.2d 1379, 1381 (7th Cir. 1992)), Barrios-Lopez fails to allege any facts that would show counsel had a reason to question his competency or request a competency exam. In fact, Barrios-Lopez told the probation officer who prepared his PSI that he only used marijuana a few times before his arrest, and that he never experimented with any other drugs. Additionally, as noted below in note 18, Barrios-Lopez was competent to enter his guilty pleas and he did so knowingly and voluntarily. Thus, counsel was not ineffective in failing to address Barrios-Lopez's competency.

[17]Barrios-Lopez's deadline for asserting claims was June 23, 2010.

amended habeas petition does not relate back . . . when it asserts a new ground for relief supported by facts that differ in both time and type from those set forth in the original pleading."). Barrios-Lopez's initial motion did not allege that his guilty pleas were involuntary. As such, Barrios-Lopez's arguments regarding the voluntariness of his plea are time-barred.[18]

## VI.    CONCLUSION

For the foregoing reasons, Barrios-Lopez's motion under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence by a person in federal custody is **DENIED**.

## VII.    CERTIFICATE OF APPEALABILITY

Pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing § 2255 proceedings, and 28 U.S.C. § 2253(c), the Court finds that Barrios-Lopez has failed to show that (1) reasonable jurists would find this Court's "assessment of the constitutional claims debatable or wrong," or (2) reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right" and "debatable whether [this Court] was correct in its procedural ruling." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). The Court therefore **DENIES** a certificate of appealability.

---

[18]Notwithstanding the foregoing, the Court notes that the Seventh Circuit addressed the voluntariness of Barrios-Lopez's plea during his direct appeal. The Seventh Circuit stated that his

> assertion [was] inconsistent with assurances given to the judge, under oath, when entering the plea. Barrios-Lopez told the judge, through an interpreter, that he fully understood the plea and its terms. The judge asked him specific questions; his responses reflected knowledge. Any argument that the plea was not voluntary would be frivolous.

*Barrios-Lopez*, 320 Fed. Appx. at 466.

SO ORDERED: 06/20/2013

*William T Lawrence*

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

**Copy by U.S. Mail to:**

**Isaias R. Barrios-Lopez
08337-028
Lee U.S. Penitentiary
Inmate Mail/Parcels
P.O. Box 305
Jonesville, VA  24263**

Copies to all counsel of record via electronic communication.